# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff/Respondent,<br>　vs.<br>JOSE HUGO MENDOZA,<br><br>　　　　Defendant/Petitioner. | CASE NO. 09cr1980-LAB/12cv2873-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant and Petitioner Jose Hugo Mendoza pleaded guilty to attempted entry following deportation, and falsely claiming to be a U.S. citizen, in violation of 8 U.S.C. § 1326 and 18 U.S.C. § 911. On February 5, 2010, the Court sentenced him to 77 months' imprisonment followed by three years' supervised release. On February 11, 2010 Mendoza appealed, and the Ninth Circuit affirmed. The mandate affirming his appeal was spread on January 20, 2011.

Then on December 3, 2012, Mendoza filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Mendoza's motion recognizes that the motion is filed well after the deadline set forth in § 2255(f), but argues it is timely under § 2255(f)(3) because he is asserting a right first recognized by the Supreme Court in *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012).

Mendoza argues that his trial counsel was ineffective for two reasons. First, he argues his counsel failed to communicate to prosecutors his desire to plead guilty. Second, he

speculates that perhaps prosecutors offered a plea agreement and, if they did, his counsel failed to communicate it to him.

Mendoza's claims are time-barred, because neither *Frye* nor *Lafler* announced a new rule of law. *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("[N]either *Frye* nor *Lafler* . . . decided a new rule of constitutional law.") Therefore, the right Mendoza now wishes to assert was not "initially recognized by the Supreme Court," as required under § 2255(f)(3), in either of these cases. *See Wright v. United States*, 2012 WL 5866419 (W.D.Wash., Nov. 19, 2012) (citing *Buenrostro*, *In re Perez*, 682 F.3d 930, 933–34 (11th Cir. 2012); *In re King*, ___ F.3d ____, 2012 WL 4498500 at *1 (5th Cir., Aug. 14, 2012); *Hare v. United States*, 688 f.3d 878, 789 (7th Cir. 2012)) (holding that *Frye* and *Lafler* did not create a new right retroactively applicable to cases on collateral review).

Even if Mendoza's claims were not time-barred, they would fail on the merits. Mendoza's first argument fails, because *Frye's* and *Lafler*'s holdings are inapplicable to his situation. Both cases held that counsel who failed to communicate the government's plea offer to a defendant were ineffective. Mendoza's argument is different: he argues that he wanted his attorney to ask for a plea offer and his attorney failed or refused to do so. His argument has been raised and rejected as meritless:

> [The petitioner] next contends that under (a novel reading of) *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), his trial counsel was deficient by failing to request a favorable guilty plea. These cases require defense counsel to communicate favorable formal plea offers made by the prosecution as a general rule, *Frye*, 132 S.Ct. at 1409, and hold that a court may find ineffective assistance when counsel advises the petitioner to reject a favorable plea offer and go to trial, even if the ensuing trial is fair, *Lafler*, 132 S.Ct. at 1385–86. But there was no plea offer made here, and there's no right to a plea offer. *Id.* at 1387.

*United States v. Martinez*, 2012 WL 4458385, slip op. At *2 (10th Cir. Sept. 27, 2012).

Mendoza's version of events[1] in support of his second argument is that his attorney, Ricardo Gonzalez, was told of a plea offer by the government, but didn't tell Mendoza about

---

[1] Mendoza's allegations in support of his second argument are in conflict with the allegations he makes in support of his first argument. (*Compare* Motion at 8 (alleging Mr. Gonzalez failed to obtain any kind of plea bargain from the government) and *id.* at 9 (alleging the government offered a plea agreement that Mr. Gonzalez rejected).)

it because he wanted to pressure Mendoza into agreeing to a competency evaluation.[2] The record, however, shows that his claim is baseless. Mr. Gonzalez was appointed as Mendoza's attorney at a hearing on May 27, 2009, and at that same hearing moved for a competency evaluation, which the Court immediately granted. (Docket no. 4.) There was therefore no opportunity for Mr. Gonzalez to receive and withhold a plea offer before moving for a competency examination, as Mendoza now alleges. Because the motion and record show that Mendoza is not entitled to relief, *see* § 2255(b) and Rule 4(b), Rules Governing Section 2255 Proceedings for the U.S. District Courts, no further hearing is required.

For these reasons, the motion is **DENIED**. The Court concludes that the standard for a certificate of appealability is not met, and it is therefore **DENIED** as well.

**IT IS SO ORDERED**.

DATED: December 5, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] Mendoza's allegations are actually ambiguous. In places, he alleges some kind of plea agreement was offered, whereas in others he says he doesn't know whether any agreement was offered but is assuming it was. For purposes of this analysis the Court will assume he is alleging a plea agreement was offered.